UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
LAURA A. PANSINI,

               Plaintiff,

   -against-

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

               Defendant.

-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:20-cv-01701-FB

Appearances:
*For the Plaintiff*:
JOHN W. DEHAAN, ESQ.
The DeHaan Law Firm P.C.
300 Rabro Drive East
Suite 101
Hauppage, New York 11788

*For the Defendant*:
JACQUELYN M. KASULIS, ESQ.
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
BY: TROY J. PRATTEN, ESQ.

**BLOCK, Senior District Judge:**

      Laura Pansini seeks review of the final decision of the Commissioner of Social

Security[1] denying her application for disability insurance benefits ("DIB").  Both

parties move for judgment on the pleadings.  For the following reasons, Pansini's

motion is granted, the Commissioner's motion is denied, and the matter is remanded

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, has been substituted for former Commissioner Andrew Saul.

for for calculation of benefits.

## I.

Pansini filed her claim on August 1, 2013, citing disability due to complex regional pain syndrome, high cholesterol, asthma, depression, anxiety, migraines, and back problems. Administrative Record[2] ("AR") at 100; 306. In support of her claim, Pansini submitted materials from several of her treating physicians, including Dr. Timothy Groth, a pain management specialist; Drs. Edward Kormylo and Robert LoCastro, both podiatrists; Drs. Brian Sorin and Edward Firouztale, both neurologists; and Drs. Brian Durkin and Robert Florio, both pain management specialists. In addition, Pansini underwent a consultative examination performed by Drs. Guillermo Suarez and Vincent Stenger. Finally, Dr. John Kwock, who never examined Pansini, responded to a post-hearing interrogatory form and testified at the 2016 supplemental hearing.

By now, Pansini is a seasoned veteran of the Social Security administrative process. Her claim was initially denied in December 2013. AR at 100-06. She then received two hearings: one on July 22, 2015, and one on February 18, 2016. AR at 56-98. The ALJ who conducted those hearings denied her claim, and Pansini appealed. AR at 107-28. The Appeals Council reviewed Pansini's claim and on

---

[2] The Administrative Record is filed on this Court's docket at Docket No. 19. In referencing that record, this Court uses the pagination provided by the parties on the bottom of the pages.

March 20, 2017, remanded it for rehearing.  AR at 129-33.  That hearing occurred on July 12, 2019.  AR at 32-55.  On September 20, 2019, her claim was again denied, and the Appeals Council declined Pansini's request to review.  AR at 12-25; 1-6. Accordingly, the September 20, 2019 denial is the final decision of the Commissioner.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is warranted because the ALJ applied the wrong legal standard when weighing the medical opinions in the case.  In 2016, the Social Security Agency promulgated 20 C.F.R. § 404.1520c, a new regulation regarding its treatment of medical opinions.  Section 404.1520c replaced 20 C.F.R. § 404.1527, the "Treating Physician Rule," and took effect only for cases filed on or after March 27, 2017.

Accordingly, in deciding Pansini's claim, which was filed in 2013, the ALJ

was required to apply the Treating Physician Rule. Though the ALJ purported to have "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527," review of the ALJ's decision reveals that, in fact, he failed to do so. The ALJ's analysis of the medical opinions focused on their "persuasiveness," terminology specific to the new regulation, not the Treating Physician Rule. *See, e.g.*, AR at 28. By contrast, the ALJ does not discuss "weight," the terminology appropriate to the Treating Physician Rule. Nor did the ALJ discuss any of the factors required to be considered when discounting a treating physician's opinion by *Burgess v. Astrue*, 537 F.3d 117 (2d. Cir. 2008).

Failure to substantively apply the Treating Physician Rule is error. Because the ALJ erred, this Court must now determine "whether the record otherwise provides good reasons" for the weight assigned by the ALJ to the medical opinions. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019). If good reasons exist, the error is procedural but harmless; otherwise, remand is necessary. Here, the Court does not find any such reasons, and consequently the case must be remanded.

Where further findings would be helpful to the disposition of a claim, remand for further proceedings is appropriate. *Butts*, 388 F.3d 385-86. By contrast, "where the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the proper remedy is remand

4

solely for calculation of benefits.  *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980).

Here, further proceedings would serve no purpose.  The record in this case is voluminous.  It is replete with evidence of Pansini's disability, including, most importantly, medical opinions entitled to controlling weight.  The ALJ seized upon the opinion of a physician who had never even examined Pansini to contradict the opinions of her longtime treating physicians.  AR at 23.  This was improper.  *See Ingrassia v. Colvin*, 239 F. Supp. 3d 605, 626-27 (E.D.N.Y. 2017) (collecting cases).  Once appropriate weight is accorded to the medical opinions in this case, a finding of disability as of the alleged onset date is inevitable.  *See, e.g.*, *Barbara K. v. Comm'r of Soc. Sec.*, No. 5:20-CV-0166 (ML), 2021 WL 1163149 at *18 (N.D.N.Y. Mar. 26, 2021) (collecting cases).

It is well past time for Pansini's eight-year administrative sojourn to come to a conclusion.  Accordingly, this matter is REMANDED for calculation and payment of benefits utilizing Pansini's alleged onset date of FEBRUARY 8, 2012.

**SO ORDERED.**

  _/S/ Frederic Block_____
  FREDERIC BLOCK
  Senior United States District Judge

Brooklyn, New York
September 30, 2021

5